14-2160-cv
Hueber v. McCune

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand fourteen.

PRESENT:
>GUIDO CALABRESI,
>BARRINGTON D. PARKER,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

Roger L. Hueber,

>*Plaintiff-Appellant*,

       v.                                                    14-2160-cv

Patricia McCune, Detective Niagara Falls City Police, et al.,

>*Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**    Roger L. Hueber, pro se, Niagara Falls, NY

**FOR DEFENDANTS-APPELLEES McCUNE, CITY OF NIAGARA FALLS:** Thomas M. O'Donnell, Deputy Corporation Counsel, City of Niagara Falls Law Department, *for* Craig H. Johnson, Corporation Counsel, Niagara Falls, NY

FOR DEFENDANTS-APPELLEES
WICK, PERKINS, COUNTY
OF NIAGARA:                                Charles E. Graney, Webster Szanyi LLP, Buffalo,
                                           NY

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Roger L. Hueber appeals from the district court's dismissal, as time barred, of his complaint brought under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of his constitutional rights arising from the illegal search of his home. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss, including legal conclusions concerning the court's "interpretation and application of a statute of limitations." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.

An independent review of the record and relevant case law reveals no error in the district court's dismissal of Hueber's complaint. *See Hueber v. McCune*, No. 14-CV-00049-A, 2014 WL 2047763, at *2-8 (W.D.N.Y. May 19, 2014). We therefore affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned decision. Moreover, Hueber's argument

that he did not know of his constitutional injury until the district court granted his suppression motion is without merit, since this knowledge requirement "does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendants' acts were wrongful." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994).

We have considered Hueber's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk